United States District Court
for the
Southern District of Florida

| Ruben Mercado, Jr., Plaintiff | ) | |
|---|---|---|
| v. | ) | |
| Carolyn W. Colvin, Commissioner of Social Security, Defendant. | ) ) ) ) | Civil Action No. 16-21897-Civ-Scola |

## **Order Adopting Magistrate's Report and Recommendation**

This matter was referred to United States Magistrate Judge Alicia M. Otazo-Reyes for a ruling on all pre-trial, nondispositive matters, and for a Report and Recommendation on any dispositive matters. On April 24, 2017, Judge Otazo-Reyes issued a Report and Recommendation, recommending that the Court deny the Plaintiff Ruben Mercado Jr.'s motion for summary judgment (ECF No. 25) and that the Court grant the Defendant's motion for summary judgment (ECF No. 27). Mercado did not file objections to the Report. After reviewing the filings, the applicable law, and the record, the Court **adopts** Judge Otazo-Reyes's Report and Recommendation (**ECF No. 30**), **denies** Mercado's motion for summary judgment (**ECF No. 25**) and **grants** the Defendant's motion for summary judgment (**ECF No. 27**).

A district-court judge need conduct a *de novo* review of only "those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636. When no objections are made, a report may be adopted in full without conducting *de novo* review. *Id.* Nevertheless, the Court reviewed the filings, the applicable law, and the record, and finds that there is substantial evidence to support the administrative law judge (ALJ)'s finding that Mercado is not disabled and does have the residual functional capacity to perform medium exertional level work.

This Court is bound to uphold the ALJ's "findings if they are supported by 'substantial evidence' and if there exists no other 'good cause' to remand." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Smith v. Heckler*, 707 F.2d 1284, 1285 (11th Cir. 1983). However, "no similar presumption of validity attaches to the [ALJ's] conclusions of law, including the determination of proper standards to be applied when reviewing claims." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982). Failure to apply the proper legal standard or to provide this Court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal. *Id.*; *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

To qualify for supplemental security income, a claimant must be disabled—defined in 42 U.S.C. § 1382c(a)(3)(A) as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. Physical or mental impairments include impairments that result from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 1382c(a)(3)(C). Regulations issued by the Secretary provide a five-step sequence to be followed in determining whether a claimant is entitled to supplemental security income. *See also McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).

Mercado argued that the ALJ improperly discredited Mercado's testimony and improperly considered certain medical opinion evidence of record. (Report at 3, ECF No. 30; Pl.'s Mot. for Summ. J. at 5–12, ECF No. 25.) But the record shows that the ALJ made a proper credibility determination regarding Mercado's testimony. (Report at 14–15.) *See also Lezcano v. Colvin*, No. 15-22399-CIV, 2016 WL 3999760, at *14 (S.D. Fla. July 26, 2016) (O'Sullivan, J.) ("[A] court may not disturb a clearly articulated credibility finding supported by substantial evidence."). Further, the record specifically articulates good cause for giving the treating physicians' opinions "little weight." (Report at 17–18.) *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) ("The opinion of a treating physician . . . must be given substantial or considerable weight unless 'good cause' is shown to the contrary.") (internal quotations and citation omitted).

For these reasons, and the reasons explained in Judge Otazo-Reyes's Report and Recommendation, it is **ordered and adjudged** that Judge Otazo-Reyes's Report and Recommendation (**ECF No. 30**) is **affirmed and adopted**. The case will be **administratively closed** by the Clerk.

**Done and ordered** in chambers, at Miami, Florida, on June 30, 2017.

_____
Robert N. Scola, Jr.
United States District Judge